IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

RAYMOND LAVIGNE                                                                                    PLAINTIFF

V.                                                        CIVIL ACTION NO. 4:21-cv-00060-NBB-JMV

AMERICAN TRANZ AND
PREM BAHADUR RAI                                                                               DEFENDANTS

## **ORDER**

This cause comes before the court upon the defendants' motion to convert their motion for judgment on the pleadings [49] to a motion for partial summary judgment. The plaintiff has filed no objection to the motion, which includes substantive arguments that the plaintiff's claims for punitive damages, negligent entrustment, and direct negligence against the defendants should be dismissed for lack of admissible evidentiary support.

"Although '[a] motion for summary judgment cannot be granted simply because there is no opposition,' … a court may grant an unopposed summary judgment motion if the undisputed facts show that the movant is entitled to judgment as a matter of law.'" *Calais v. Theriot*, 589 F. App'x 310, 311 (5th Cir. 2015) (quoting *Day v. Wells Fargo Bank Nat'l Ass'n*, 768 F.3d 435 (5th Cir. 2014)). The court could, therefore, make such a determination from the record currently before it and enter partial judgment as a matter of law on the issues presented by the defendants. Federal Rule of Civil Procedure 12(d), however, provides, "If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d).

As the defendants move the court to convert their Rule 12(c) motion to a Rule 56 motion and because the plaintiff did respond to the original Rule 12(c) motion, despite failing to respond to the present motion, the court finds that, out of an abundance of caution, the plaintiff should be afforded an opportunity to respond to the defendant's Rule 56 motion or to advise the court that he has no objection and concedes the claims for which the defendants move for dismissal. The court will allow the plaintiff seven (7) days to do so.

Accordingly, the court finds that the defendants' motion to convert their Rule 12(c) motion is **GRANTED in part** as to the motion's conversion itself and **DENIED in part** at this time as to the substantive arguments for judgment as a matter of law; the Rule 12(c) motion is **DENIED as moot**; and the plaintiff is granted seven (7) days within which to respond to the Rule 56 motion or advise the court of his lack of opposition.

**SO ORDERED** this 26th day of September, 2022.

/s/ Neal Biggers  
NEAL B. BIGGERS, JR.  
UNITED STATES DISTRICT JUDGE