IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**RAYMOND LAVIGNE**                                                    **PLAINTIFF**

**V.**                                                   **CIVIL ACTION NO.: 4:21-CV-60-NBB-JMV**

**AMERICAN TRANZ, ET AL.**                                    **DEFENDANTS**

## ORDER GRANTING MOTION FOR LEAVE TO TAKE DEPOSITION OUTSIDE OF DISCOVERY DEADLINE

Before the court is the motion [118] of Defendants, for an order permitting leave to take a deposition outside of the discovery deadline. The motion is fully briefed, and the Court is prepared to rule. For the reasons explained below, the court finds that the motion shall be granted.

The case management order [68] entered on January 20, 2022, required that all discovery in this matter be completed by June 7, 2022. Defendants now seek leave of this Court to take the deposition of Courtney Weller-Volz, who is alleged to be "the only known independent fact eyewitness to the subject accident." Motion [118] at 1. Defendants allege that the following actions were taken to reach the eyewitness: 1) a letter was sent on May 14, 2021, to the address identified in the Mississippi Uniform Crash Report; 2) Counsel for Defendants ran two internal electronic investigatory searches and made "multiple" attempts to contact the eyewitness at the telephone numbers identified to no avail; and 3) hired an independent third-party investigator, who ultimately located the eyewitness. *Id.* at 2. Defendants allege that they first spoke with the eyewitness on October 12, 2022, and he advised that he did in fact witness the subject accident. *Id.*

In response, Plaintiff argues that the Defendants have not demonstrated diligence in locating the eyewitness, being that Weller-Volz's name was provided on the accident report. Response [121] at 2. Plaintiff also notes that Defendants have not disclosed when they hired an outside search firm to locate Weller-Volz, but that it appears that Defendants let "considerable time pass" before hiring a third

party to locate the eyewitness. *Id.* at 3. Lastly, Plaintiff notes that the facts are "not really" disputed, and the real issue is to what extent the Plaintiff was injured when his tractor trailer was backed into by a tractor trailer driven by one of the defendants. *Id.*

Federal Rule of Civil Procedure 16(b)(4) provides that a case management order may be modified for good cause with the judge's consent. To establish good cause, the party seeking to modify the scheduling order must show that the deadlines cannot be reasonably met despite the diligence of the party needing the extension. *Shepard v. Cleveland School Dist.*, No. 4:17-cv-91-DMB-JMV, 2018 WL 6318823 *2 (N.D. Miss. Aug. 16, 2018), citing *Grant v. City of Houston*, 625 F. App'x 670, 679 (5th Cir. 2015).

Four factors are considered to determine whether a party has demonstrated good cause: "(1) the explanation for the failure to timely comply with the scheduling order; (2) the importance of the modification; (3) potential prejudice in allowing the modification; and (4) the availability of a continuance to cure such prejudice." *Shepard*, 2018 WL 6318823 at *2. A district court's decision to grant or deny a motion to modify a scheduling order is reviewed on appeal for abuse of discretion. *Reliance Inc. Co. v. Louisiana Land & Exploration Co.*, 110 F.3d 253, 257 (5th Cir. 1997).

As for the first factor, it weighs, on balance, in favor of allowing the deposition. Defendants have described the actions that were taken to locate the eyewitness over the past year and a half. Defendants allege that they attempted to contact the eyewitness via mail, ran two internal searches, and hired an independent third-party investigator. However, as Plaintiff noted, the timeline for conducting these actions has not been divulged. On the other hand, according to the Defendants, Plaintiff had some means of contacting the eyewitness but did not disclose that contact information to Defendants. As for the second factor, Defendants allege that Weller-Volz is believed to be the only known independent

2

fact eyewitness to the subject accident. Plaintiffs do not dispute this allegation, but instead argue unpersuasively that the facts are "not really" disputed by Defendants, and the real issue is to what extent the Plaintiff was injured. The second factor weighs in favor of allowing leave to conduct the deposition.

The third and fourth factors are neutral. Defendants' sole request was for discovery to reopen for the limited purpose of taking the deposition of Weller-Volz, an out-of-state non-party witness. While Plaintiff states that "other discovery will more likely be needed if such a deposition is granted," no additional discovery has been requested by either party at this time and no continuance of the December 5, 2022, trial date has been requested.

**IT IS, THEREFORE, ORDERED** that Defendant's motion [118] for leave to depose the eyewitness out of time is hereby **GRANTED**. Discovery shall be reopened for a period of fifteen (15) days through November 4, 2022, for the limited purpose of deposing the eyewitness, Weller-Volz. A notice shall be entered resetting the final pretrial conference for Monday, November 7, 2022, at 10:00 a.m.

**SO ORDERED** this the 20th day of October, 2022.

/s/ Jane M. Virden
**UNITED STATES MAGISTRATE JUDGE**