IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**RAYMOND LAVIGNE**                                                                 **PLAINTIFF**

**V.**                                **CIVIL ACTION NO.: 4:21-CV-60-NBB-JMV**

**AMERICAN TRANZ, ET AL.**                                           **DEFENDANTS**

## ORDER

Before the court is the motion [122] of Plaintiff Raymond Lavigne, for an order allowing him to participate virtually in the final pretrial conference set for October 27, 2022. The Defendant has filed a motion in opposition to Plaintiff's request to attend virtually. For the reasons explained below, the court finds that the motion is GRANTED.

On June 13, 2022, the undersigned noticed [88] the final pretrial conference in Greenville, Mississippi. Plaintiff alleges that he currently lives in Gilbert, Arizona and "is not able to fly due to his current medical condition." Motion [122] at 1. He attached a doctor's excuse from Neurology Associates Neuroscience Center dated October 14, 2022, wherein his physician wrote, "Patient suffers from PTSD and vertigo and is unable to fly at this time. He previously flew a year ago and reports was 'a wreck' after flying due to his PTSD and vertigo." Ex. A to Motion [122]. Plaintiff further alleges that he has not been able to work since the accident and has limited funds, so it would be a hardship for him to travel and pay for lodging for both the pretrial conference and trial on December 5, 2022. Motion [122] at 1. Lastly, Plaintiff argues that Defendants will suffer no prejudice in permitting the Plaintiff to participate virtually in the pretrial conference because he will be available at all times to consult with by his counsel and the Court. *Id.*

In response, Defendants argue that the Plaintiff generally alludes to hardship, but that the Plaintiff has provided no credible evidence of his hardship or any objective medical evidence of a

condition that prevents him from flying. Defendants further argue that the Plaintiff has previously traveled to Mississippi in September 2021, when he underwent medical examination by one of his retained experts.

The Court, having considered the arguments of counsel, finds that the Defendants have failed to show prejudice should the Court allow Plaintiff to participate in the final pretrial conference virtually. Both the Plaintiff and the Defendants' representatives shall be and are hereby allowed to participate in the final pretrial conference scheduled for Monday, November 7, 2022, by telephone as needed during the settlement conference portion of the final pretrial conference.

**IT IS, THEREFORE, ORDERED** that the Plaintiff's Motion to Allow Plaintiff to Attend the Pretrial Conference Virtually [122] is hereby **GRANTED.**

**SO ORDERED** this the 25th day of October, 2022.

/s/ Jane M. Virden
**UNITED STATES MAGISTRATE JUDGE**