IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

RAYMOND LAVIGNE                                                                                    PLAINTIFF

V.                                                                         CIVIL ACTION NO. 4:21-cv-00060-NBB-JMV

AMERICAN TRANZ AND
PREM BAHADUR RAI                                                                              DEFENDANTS

**<u>ORDER</u>**

This cause comes before the court upon the plaintiff's motion in limine to exclude surveillance videos produced after the discovery deadline. While it is uncontested that the surveillance videos in question were obtained, reviewed, and produced shortly outside the discovery deadline, the court finds that the defendants satisfied their ongoing duty to timely and seasonably supplement discovery in accordance with Rule 26 of the Federal Rules of Civil Procedure.

The defendants have confessed liability in this action; thus, the plaintiff's alleged injuries and the extent of those injuries are the primary issues in this case. The surveillance videos, which the court has reviewed *in camera*, show the plaintiff living what appears to be an ordinary, un-handicapped life, including engaging in activities in which he claims he can no longer engage after the underlying subject accident. As the defendants argue, the surveillance videos relate to the ultimate issue in this case, that is, the extent the accident in question injured and impacted the plaintiff.

The court has applied the factors set forth in *Geiserman v. MacDonald*, 893 F.2d 787, 791 (5th Cir. 1990), which provides guidance for the admissibility of evidence not properly designated, and finds in favor of the defendants. First, the defendants offer a satisfactory explanation for their failure to identify the evidence. Second, the evidence addresses the primary

issue in this case and is therefore of considerable importance. Third, the court finds no potential unfair prejudice in allowing the evidence to be admitted. And fourth, not only is there availability of a continuance to cure such prejudice, assuming arguendo such prejudice existed, the court has already continued the trial of this cause for other reasons, and the trial will be reset in the new year. Adequate time for the plaintiff's review of the evidence is therefore available despite the evidence having been produced outside the discovery deadline.

Accordingly, the court finds that the plaintiff's motion in limine to exclude the surveillance videos in question [119] should be, and the same is hereby, **DENIED**. Further, the defendants' motion for preliminary hearing and in camera review of certain evidence [156] is **DENIED as moot**.

**SO ORDERED** this 22nd day of December, 2022.

/s/ Neal Biggers
NEAL B. BIGGERS, JR.
UNITED STATES DISTRICT JUDGE