IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

RAYMOND LAVIGNE                                                                      PLAINTIFF

V.                                                         CIVIL ACTION NO. 4:21-cv-00060-NBB-JMV

AMERICAN TRANZ AND
PREM BAHADUR RAI                                                 DEFENDANTS

## ORDER

This cause comes before the court upon the plaintiff Raymond Lavigne's motion to preclude the defendants' accident reconstructionist from giving expert biomechanical testimony. Upon due consideration, the court finds that the motion is well taken and should be granted.

Federal Rule of Evidence 702 governs the admissibility of expert testimony. It provides as follows:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
> (b) the testimony is based on sufficient facts or data;
> (c) the testimony is the product of reliable principles and methods; and
> (d) the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702. In *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 589 (1993), the Supreme Court held that Rule 702 requires the district court to act as a gatekeeper to ensure that expert testimony and evidence admitted is relevant and reliable.

The defendants have proffered Benjamin N. Smith of Messerschmidt Safety Consultants as an expert witness in accident reconstruction. The plaintiff seeks to exclude any testimony given by Mr. Smith which would be based on expertise in the field of biomechanical science, arguing that he does not have the requisite background and qualifications to offer such testimony.

The defendants assert that they do not proffer Mr. Smith as an expert in biomechanical engineering and that his opinions do not require expertise in biomechanics. He opines as to the forces involved in the subject accident and will be allowed to do so to the extent that he does not cross the threshold from standard accident reconstruction testimony into the area of biomechanics. The defendants also assert that Mr. Smith will not opine as to the cause, existence, or extent of the plaintiff's alleged injures, and indeed the court will not allow such testimony.

Accordingly, the court finds that the plaintiff's motion to preclude testimony is well taken and that it should be, and the same is hereby, **GRANTED**.

**SO ORDERED** this 22nd day of March, 2023.

/s/ Neal Biggers
NEAL B. BIGGERS, JR.
UNITED STATES DISTRICT JUDGE