IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

RAYMOND LAVIGNE                                                                                     PLAINTIFF

V.                                                              CIVIL ACTION NO. 4:21-cv-00060-NBB-JMV

AMERICAN TRANZ AND
PREM BAHADUR RAI                                                                                  DEFENDANTS

**ORDER**

This cause comes before the court upon the defendants' motion to strike the plaintiff's reply in support of his motion to preclude the defendants' accident reconstructionist from giving expert biomechanical testimony. Upon due consideration, the court finds that the motion is not well taken and should be denied.

The defendants argue that the plaintiff's reply memorandum in support of his *Daubert* motion regarding the defendants' accident reconstruction expert contains a new argument not presented in his original memorandum regarding "occupant kinematics." This court ruled that the defendants' accident reconstruction expert, Benjamin N. Smith, will not be allowed to present any testimony dependent upon expertise in the field of biomechanics. As the plaintiff correctly notes, courts have found that occupant kinematics is simply a sub-discipline of biomechanics. *See, e.g.*, *Graves ex rel. W.A.G. v. Toyota Motor Corp.*, No. 2:09cv169-KS-MTP, 2012 WL 38894, at *1 (S.D. Miss. Jan. 9, 2012) ("Biomechanical analysis generally includes opinions regarding occupant kinematics, injury analysis, and analysis of injury mechanisms.").

This court has determined that the defendants' expert will not be allowed to testify based on expertise in biomechanics. This logically includes opinions regarding occupant kinematics as well.

Accordingly, the defendants' motion is **DENIED**, this 22nd day of March 2023.

/s/ Neal Biggers
NEAL B. BIGGERS, JR.
UNITED STATES DISTRICT JUDGE