IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**RAYMOND LAVIGNE**                                                        **PLAINTIFF**

**V.**                                             **NO. 4:21-CV-60-DMB-JMV**

**AMERICAN TRANZ and**
**PREM BAHADUR RAI**                                       **DEFENDANTS**

## ORDER

Arguing that Raymond Lavigne intentionally misrepresented and failed to disclose documents, witnesses, and other information relevant to his personal injury claims, the defendants move for sanctions and to dismiss this case with prejudice. Because Lavigne failed to respond to the motion and thus fails to dispute the arguments and evidence on which the motion relies, this case will be dismissed with prejudice and the pending motions in limine denied as moot.

## I
## Procedural History

On January 25, 2021, Raymond Lavigne filed a complaint in the Circuit Court of Sunflower County, Mississippi, against American Tranz and Prem Bahadur Rai, seeking actual, compensatory, and punitive damages for a collision involving him in his parked truck and a freightliner truck driven by Rai and owned or leased by American Tranz. Doc. #2. Asserting diversity jurisdiction, the defendants removed the case to the United States District Court for the Northern District of Mississippi on May 13, 2021. Doc. #1. Following the completion of discovery and in anticipation of trial, the defendants filed motions in limine on October 13, 2022. Docs. #110, 112. Lavigne filed motions in limine on October 18, 2022. Docs. #119, #120. United States District Judge Neal B. Biggers, Jr., to whom this case was then assigned, denied one of Lavigne's in limine motions on December 22, 2022. Doc. #165.

On February 9, 2023, the defendants filed "Defendants' Motion for Sanctions and to Dismiss for Intentional Failure to Disclose Evidence."  Doc. #168.  Three weeks later, Lavigne's counsel moved to withdraw, asserting that they could "no longer ethically represent Raymond Lavigne in this case and the attorney-client relationship has terminated …."  Doc. #175 at 1.  United States Magistrate Judge Jane M. Virden granted Lavigne's counsel's amended motion to withdraw on March 17, 2023, giving Lavigne thirty-three days to have new counsel enter an appearance on his behalf or be left to proceed without counsel.  Doc. #178. at PageID 1278–79.  Judge Virden also advised Lavigne that if he did not have new counsel enter an appearance by the deadline set, he would "be considered to be proceeding without counsel (Pro Se)" and have fifty days to respond to the defendants' motion to dismiss.[1]  *Id*. at PageID 1279.

When Lavigne neither secured new counsel nor filed a pro se response to the motion to dismiss by the respective deadlines in her March 17 order, Judge Virden, "given [Lavigne's] *pro se* status, and out of an abundance of caution," sua sponte granted Lavigne until June 26, 2023, to respond to the motion to dismiss.  Doc. #182.  Lavigne did not respond by June 26 or at any later point.  On August 14, 2023, this case was randomly reassigned to the undersigned.  Doc. #183.

## II
## Standard

The defendants request sanctions and dismissal pursuant to Federal Rule of Civil Procedure 37.  Doc. #168 at 1.  Rule 37(c) provides in relevant part:

> If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), … the court, on motion and after giving an opportunity to be heard:

---

[1] Judge Virden conditioned the withdrawal on Lavigne's counsel "filing notice on the docket that they have—within 3 days of the date of this Order—served this Order on Lavigne personally, or by first-class mail at his last known address, and such counsel must also inform the clerk's office of the last known address and contact information for Lavigne."  Doc. #178 at PageID 1279 n.1.  Lavigne's counsel timely complied with the condition.  *See* Doc. #179 (stating Lavigne was served with the order "by first-class mail at his last known address of 1057 E. Baylor Lane, Gilbert, AZ 85296, and by email at Lray2467@gmail.com," and providing Lavigne's telephone number).

2

> (A) may order payment of the reasonable expenses, including attorney's fees, caused by the failure;
> (B) may inform the jury of the party's failure; and
> (C) may impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)-(vi).

Fed. R. Civ. P. 37(c)(1)(A)–(C).[2] Among other things, Rule 37(b)(2)(A) authorizes a court to sanction a party by "dismissing the action or proceeding in whole or in part." Fed. R. Civ. P. 37(b)(2)(A)(v). "A district court 'has broad discretion in fashioning its sanction.'" *Williams v. Am. Honda Motor Co.*, No. 22-40224, 2023 WL 3739095, at *2 (5th Cir. May 31, 2023) (quoting *L. Funder, LLC v. Munoz*, 924 F.3d 753, 758 (5th Cir. 2019)).

### III
### Analysis

The defendants argue that, in this case where Lavigne claims "the subject accident caused him to have an organic brain injury," the sanction of dismissal is warranted because (1) in his initial disclosures, his discovery responses, and his deposition, Lavigne "engaged in willful omissions and misrepresentations concerning his prior medical treatment and claims and has wholly failed to disclose relevant information concerning his multiple pre-existing acute head injuries;" (2) such actions by Lavigne "are incurable;" and (3) they have incurred actual prejudice as a result, particularly since Lavigne never supplemented his discovery responses to provide accurate information. Doc. #169 at 1–2. Specifically, the defendants argue that though Lavigne "claimed his primary treating physician was Dr. Flanco in Arizona," he "treated with Dr. Jessica Blanco not Dr. Flanco and treated with Dr. Blanco for a previous head injury;"[3] "[n]o prior or pre-

---

[2] Rule 26(a)(1)(A) requires that every party provide the other party "the name and, if known, the address and telephone number of each individual likely to have discoverable information ... that the disclosing party may use to support its claims or defenses," except when use of the individual or document "would be solely for impeachment." Rule 26(e)(1)(A) mandates discovery disclosures and responses be timely supplemented or corrected when a "party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing."

[3] Doc. #169 at 3, 5.

3

existing history of anxiety disorder, prescription anti-depressants, concussions, incidents, falls, or head trauma treatment or the relevant medical providers were disclosed by [Lavigne];"[4] not until Lavigne's deposition did they "learn[] the name and location of some new, previously undisclosed, out-of-state medical providers and treating physicians of [Lavigne];"[5] and Lavigne's experts designation "included previously undisclosed, retained experts, including but not limited to a physical medicine and rehabilitative physician and neuropsychologist."[6]

Based on the Court's review of the exhibits attached to the defendants' motion—which consist of Lavigne's pre-discovery disclosures, Lavigne's responses to interrogatories, relevant deposition testimony (including excerpts of Lavigne's deposition), relevant medical records, and Lavigne's experts disclosures[7]—the defendants' assessment of Lavigne's discovery violations is accurate[8] and, since Lavigne did not respond to the motion, undisputed.

To impose "a litigation-ending sanction" for such discovery violations, the Court must make four findings: "(1) the discovery violation was committed willfully or in bad faith; (2) the client, rather than counsel, is responsible for the violation; (3) the violation 'substantially

---

[4] *Id.* at 2–3. Dr. Blanco's records show Lavigne "had been diagnosed with and treated for the same or similar medical conditions as the those he has attributed to being caused by the subject accident, including but not limited to, anxiety, concussion, head trauma, and depression." *Id*. at 5–6; *see id.* at 5 ("Dr. Blanco's records reveal a thorough, pre-accident history from [Lavigne] of [an] anxiety disorder, prescription anti-depressants, incidents, falls, and head trauma treatment, which directly contradicts his sworn evidence."); *see also id.* ("Dr. Blanco's records indicate that [Lavigne] from approximately 2013 to 2018 was being treated with antidepressants used to treat major depressive disorder up until less than two (2) years prior to the subject accident.").

[5] *Id.* at 3.

[6] *Id.*

[7] The Court reviewed Lavigne's pre-discovery disclosure of core information, Doc. #168-1; Lavigne's responses to the defendants' first set of interrogatories, Doc. #168-2; Lavigne's supplemental responses to the defendants' first set of interrogatories, Doc.#168-3; excerpts from the transcript of Lavigne's deposition, Doc. #168-4; Dr. Jessica A. Blanco's medical records, Doc. #168-5; Dr. Rebecca Jones' deposition testimony, Doc. #168-6; and the expert report of Dr. Howard Katz, Doc. #168-7; the expert report of Dr. Susan R. Andrews, Doc. #168-8; the expert report of Dr. Jack Denver, Doc. #168-9; and the expert report of Dr. Kevin W. Greve, Doc. #168-10.

[8] In his answers to the defendants' first set of interrogatories, Lavigne admitted to receiving therapy for anxiety and work-related stress from Dr. Flanco in Arizona from 2006-2017, Doc. #168-2 at PageID 990–91; and again admitted this treatment in his deposition, though he said it was for a shorter period, Doc. #168-4 at PageID 1032.

prejudice[d] the opposing party'; and (4) a lesser sanction would not 'substantially achieve the desired deterrent effect." *Williams*, 2023 WL 3739095, at *2 (cleaned up) (quoting *L. Funder, LLC*, 924 F.3d at 758–59).

### A. Willfulness or Bad Faith

"Willfulness may be demonstrated by a party's 'failure to comply with the court's discovery order even after he was personally instructed to do so.'" *Bell v. Texaco*, 493 F. App'x 587, 593 (5th Cir. 2012) (quoting *Chisesi v. Auto Club Fam. Ins. Co.*, F. App'x 475, 477 (5th Cir. 2010)).

Here, Lavigne did not supplement or correct his discovery responses. Nor did Lavigne respond to the defendants' motion to dismiss, despite Judge Virden's order extending his deadline to do so. Doc. #182 at 1285. And there is no evidence that Lavigne's failure to respond to the motion to dismiss or his failure to supplement or correct his discovery responses is due to some "reasonable explanation" or "circumstances beyond [his] control." *See Pers. Audio LLC v. Apple, Inc.*, No. 9:09-cv-111, 2011 WL 6148587, at *4 (E.D. Tex. Jun. 16, 2011) (court "may excuse inadvertent delays or delays caused by circumstances beyond a party's control."). So by not supplementing his discovery responses with accurate information, responding to the defendants' motion to dismiss, or advising the Court of any reasons for his failure to do so, the Court concludes that Lavigne's discovery failures are willful and in bad faith.

### B. Fault

Four days after the defendants filed the motion to dismiss, Lavigne's counsel moved to withdraw, citing an ethical conflict with any further representation of Lavigne. Doc. #175 at 1. Though Judge Virden allowed Lavigne's counsel to withdraw, she clearly advised Lavigne that he still was expected to respond to the motion to dismiss and would either need to retain new counsel

or proceed pro se. Doc. #178 at PageID 1278–79. Lavigne did neither. And since the record reflects nothing prior to the withdrawal of Lavigne's counsel suggesting his former counsel knew of Lavigne's discovery failures, Lavigne's discovery "actions are [his] alone and not attributable to [his] counsel." *Doe v. Am. Airlines*, 283 F. App'x 289, 292 (5th Cir. 2008). Accordingly, the Court concludes that Lavigne, not his former counsel, is at fault for his discovery violations (and failure to respond to the motion to dismiss).

### C. Substantial Prejudice

The defendants argue that they have suffered "actual prejudice" due to Lavigne's failure to disclose medical records because, among other things, they were not able "to question [an expert] on the impact of [Lavigne's] prior symptoms" and "all of the experts identified as testifying at the trial … relied on false and incomplete [medical] history in rendering their opinions."[9] Doc #169 at 11, 13, 14. Lavigne's failure to disclose new discovery information, supplement existing discovery responses, and correct his discovery responses with complete medical records relates to a central issue in this case—the extent to which the defendants caused Lavigne's injuries. Consequently, his actions substantially prejudiced the defendants as it "prevented timely and appropriate presentation for trial." *Doe*, 283 F. App'x at 292 (5th Cir. 2008) (failure to submit medical records prejudiced the defendant).

### D. Availability of Lesser Sanctions

"[D]ismissal with prejudice is a 'draconian remedy' and a 'remedy of last resort.'" *Am. Airlines*, 283 F. App'x at 291 (quoting *FDIC v. Connor*, 20 F.3d 1376, 1380 (5th Cir. 1994)). However, "[w]hen lesser sanctions have proved futile, a district court may properly dismiss a suit

---

[9] The defendants submit that Lavigne "willfully misrepresented and omitted pre-existing conditions, symptoms, incidents, diagnoses, previous multiple accidents and treatment to both [them] *and his treating physicians*." Doc. #168 at 2 (emphasis added).

with prejudice." *Id.* Lesser sanctions include a court "provid[ing] … opportunities to produce complete information." *Ben E. Keith Co. v. Dining All., Inc.*, No. 22-10340, 2023 WL 5921644, at *6 (5th Cir. Sept. 12, 2023) (defendant "provided … two opportunities" "to produce complete information about its citizenship, which itself is a lesser sanction.").

Lavigne has not disputed the defendants' motion to dismiss and, based on the discovery the Court reviewed, he did not fully disclose his complete medical history while under oath when responding to the defendants' interrogatories and in his deposition.[10] Following his counsel's withdrawal, Judge Virden gave Lavigne multiple opportunities to respond to the motion to dismiss and explain the contradictions, inconsistencies, and omissions in his discovery responses. Docs. #178, #182. The deterrent value of Rule 37 would not be substantially achieved by using less drastic sanctions here. *See Kuykendall v. Accord Healthcare, Inc. (In re Taxotere (Docetaxel) Prods. Liab. Litig.)*, 966 F.3d 351, 360 (5th Cir. 2020) (dismissing case with prejudice where the plaintiff "was given several extensions by the district court, but … continuously failed to" disclose personal and medical history).

### E. Summary

Having concluded that Lavigne's discovery violations are willful and in bad faith, are attributable to him, caused the defendants substantial prejudice and, at this point, cannot be addressed by lesser sanctions, dismissal with prejudice will be granted.

### IV
### Conclusion

"Defendants' Motion for Sanctions and to Dismiss for Intentional Failure to Disclose Evidence" [168] is **GRANTED**. The pending motions in limine [110][112][120] are **DENIED as**

---

[10] *See* Doc. #168-1; Doc. #168-2 at 4–5, 10; Doc. #168-3 at 1–3; Doc. #168-4 at PageID 1013, 1015–16, 1028, 1031.

**moot**. This case is **DISMISSED with prejudice**.

      **SO ORDERED**, this 21st day of September, 2023.

                                            **/s/Debra M. Brown**
                                            **UNITED STATES DISTRICT JUDGE**